# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| THANH MAI, | ) |
| | ) |
|       Plaintiff, | ) |
| v. | )   Case No. 6:20-cv-1130-JWL-TJJ |
| | ) |
| CSAA FIRE & CASUALTY | ) |
| INSURANCE COMPANY, | ) |
| | ) |
|       Defendant. | ) |

## MEMORANDUM AND ORDER

This diversity action arises out of an automobile accident with an uninsured motorist in Wichita, Kansas, on March 30, 2019. Plaintiff Thanh Mai seeks uninsured motorist insurance coverage from Defendant CSAA Fire & Casualty Insurance Company, doing business as AAA Insurance. The matter is before the Court on Defendant's Motion for an Order Allowing an IME (ECF No. 34). Defendant filed this motion after the deadline passed for conducting physical and mental examinations—and after discovery closed. Defendant claims that the IME (independent medical examination) is necessary to respond to Plaintiff's *Daubert* motion.

Following is a brief summary of relevant deadlines in this case:

- September 30, 2020: Experts disclosed by Plaintiff

- October 31, 2020: Physical and mental examinations completed

- November 30, 2020: Experts disclosed by Defendant

- December 14, 2020: Rebuttal experts disclosed

- December 28, 2020: All discovery completed

- January 12, 2021: The parties apparently discussed a stipulation not to file *Daubert* motions

- January 14, 2021: The parties submitted a proposed Pretrial Order to the Court

- January 19, 2021: The Court conducted the Pretrial Conference, and Plaintiff indicated an intent to timely file a *Daubert* motion

- January 22, 2021: Defendant filed the instant motion to allow its previously-disclosed expert, John McMaster, M.D., to conduct an independent medical examination

Defendant argues that it only needs to show good cause for modifying the Scheduling Order to allow time to complete the medical examination. But this ignores that the time for conducting the examination passed on October 31, 2020—over three months ago—and discovery has since closed.[1] It also ignores that a party is not entitled to a physical examination; if the exam is challenged (as it is here), the Scheduling Order requires that "a formal motion must be filed sufficiently in advance of this [Rule 35 exam] deadline in order to allow the motion to be fully briefed by the parties, the motion to be decided by the court, and for the examination to be conducted, all before the deadline expires."[2] And, finally, Defendant's argument ignores the standard governing the use of evidence that was not disclosed in discovery: A "party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless."[3] The only reason Defendant

---

[1] Because Defendant filed this motion out of time, it seems that the "excusable neglect" standard of Fed. R. Civ. P. 6(b)(1)(B) may apply, but neither party argues this standard. In the end, the Court finds the correct standard largely immaterial, as Defendant has not offered valid reasons for extending the deadline—over three months after the deadline expired—under any standard.

[2] ECF No. 13, at 6. Furthermore, Fed. R. Civ. P. 35(2)(B) requires a party seeking a medical examination to "specify the time, place, manner, conditions, and scope of the examination, as well as the person or persons who will perform it." Defendant has provided only the name of the person who will perform the examination, as well as a loose expectation of completing the examination within four weeks of this Court granting its motion.

[3] Fed. R. Civ. P. 37(c). Plaintiff contends that the standard of Rule 37(c) applies.

2

offers for failing to timely conduct the medical examination is that "scheduling problems and COVID uncertainties" prevented Defendant from conducting the examination earlier.[4] This belated excuse constitutes neither good cause nor substantial justification, and Defendant proffers no reason it could not have advised the Court of its difficulties earlier (specifically, before the deadline expired).

Defendant does argue that its failure is essentially harmless because Defendant's designated expert will conduct the exam; trial is not scheduled until July 2021, and the exam will not cause a delay or be a hardship for Plaintiff. Respectfully, the Court disagrees. The Court has already conducted the Pretrial Conference, and both parties have filed motions to exclude testimony. Allowing a late examination—even within the next month—will disrupt trial preparation and potentially result in additional motions or briefing. Defendant's delay is not harmless under these circumstances.

The Court finds no valid justification for allowing Defendant to conduct a medical examination of Plaintiff out of time. Regardless of whether the appropriate standard for reviewing Defendant's request is good cause, excusable neglect, substantial justification, or harmlessness, the Court concludes that Defendant's motion should be denied.

**IT IS THEREFORE ORDERED THAT** Defendant's Motion for an Order Allowing an IME (ECF No. 34) is **DENIED**.

**IT IS SO ORDERED.**

Dated this 9th day of February, 2021, at Kansas City, Kansas.

Teresa J. James
U. S. Magistrate Judge

---

[4] ECF No. 34, at 2.